FILED
2025 Nov-14 AM 10:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **MORGAN MAYS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO: 5:25-cv-01435-EGL** |
| | ) | |
| **YORKTOWN SYSTEMS GROUP, INC.** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

# FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff, MORGAN MAYS and files her First Amended Complaint against Defendant YORKTOWN SYSTEMS GROUP, INC., and, in support thereof, shows as follows:

## INTRODUCTION

Plaintiff Morgan Mays began working for Yorktown Systems Group, Inc. in January 2024 as a Coordinator in its Human Resources Department. In June of 2024, after requesting flex time to attend counseling sessions for postpartum depression, Ms. Mays was subjected to discriminatory and retaliatory actions by her supervisors. When Ms. Mays complained that she felt she was being treated unfairly and her confidential medical condition was being disclosed and discussed without her consent, she was accused of chastising her supervisors because of her complaints. Ms. Mays was then terminated on July 15, 2024.

## PARTIES

1. Morgan Mays ("Mays" or "Plaintiff") is above the age of nineteen (19) and is a resident of Madison County, Alabama.

2. Defendant Yorktown Systems Group, Inc. (hereinafter "Defendant" or "Yorktown") is a foreign corporation, doing business in the State of Alabama within the Northern District of Alabama and otherwise meets the definition of "employer" under Title VII of the Civil Rights Act of 1964.

## JURISDICTION AND VENUE

3. This action arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), as amended by Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) and The Pregnant Workers' Fairness Act, 42 U.S.C. §§ 2000gg-1.

4. This action also arises under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213, as amended ("ADA"), 28 U.S.C. § 1343(a)(4). This Court maintains subject matter jurisdiction under 28 U.S.C. § 1343(a)(4), 1337 and 29 U.S.C. §2611 et seq.

5. This Court maintains subject matter jurisdiction under 42 U.S.C. § 2000e-5(f), 28 U.S.C. § 1343(a)(4) and 1337.

6. Venue is proper in this Court as the unlawful employment practices alleged herein have been committed within the Northern District of Alabama.

## CONDITIONS PRECEDENT

7. Plaintiff has exhausted all administrative remedies, as mandated by 29 U.S.C. § 626(d)(1), by filing a Charge of Discrimination with the Equal Employment Opportunity Commission on August 29, 2024, alleging discrimination and retaliation by Defendant, a copy of which is attached hereto as Exhibit A and its terms incorporated by reference, as if fully set out herein.

8. The Equal Employment Opportunity Commission issued Plaintiff a Right to Sue Letter, dated June 13, 2025, a copy of which is attached hereto as Exhibit B and its terms incorporated by reference, as if fully set out herein.

9. Plaintiff has satisfied all conditions precedent to the filing of the instant Complaint.

## FACTS

10. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 9, as if fully set out herein.

11. Morgan Mays is a female who began working for Yorktown as a Coordinator in People Operations (Human Resources Department) in January of 2024.

12. Yorktown is a foreign corporation with a local operating business at its Huntsville, Alabama, location with at least fifteen employees at the time Plaintiff was terminated.

13. Plaintiff had been diagnosed with and was taking medication for postpartum depression after the birth of her child and needed to attend regular counseling sessions.

14. Plaintiff was aware that Yorktown had certain restrictions on when employees could use "flex time" for personal matters.

15. On June 10, 2024, Plaintiff spoke with her supervisor, Amanda Reece, Manager of People Operations, about using flex time rather than personal time off (PTO) to attend the counseling sessions related to her postpartum depression. Plaintiff told Ms. Reece that she intended to make an official accommodation request to attend the sessions and that she was to see her doctor the next day and would submit a formal request.

16. On June 12, 2024, Plaintiff sent her physician's note and a formal request to her supervisors to be able to attend counseling sessions during lunchtime while still working all hours using flex time.

17. During a meeting with both Ms. Reece and Amanda Braun, Director of People Operations, Plaintiff confided in them the nature of her condition and that she needed the sessions because she was trying to stop using doctor-prescribed medications for her condition. Yorktown granted Plaintiff's request for accommodation.

18. Although Plaintiff was told her condition and request to attend

counseling sessions during lunch would be accommodated, she was then asked to reschedule her lunchtime counseling session and required to work through lunch, effectively refusing to accommodate her request.

19. Just days after Plaintiff's request was "granted" by Yorktown, she was informed by Ms. Reece that Ms. Braun had inquired about Plaintiff's medical condition and wanted to know if Plaintiff was "okay" because Plaintiff had responded to a written request with the response "SURE!"

20. Plaintiff was then informed by Ms. Reece she was getting "grace" at work due to her condition and because Plaintiff was attempting to stop using medication for her condition.

21. Because Plaintiff became concerned about whether her medical information was being kept confidential and separate and apart from her work, she sent an email on July 2, 2024, to Ms. Braun and Ms. Reece, as well as copying Kathy Short, Vice President of People Operations, requesting that her medical condition be kept confidential and that she not be retaliated against at work due to the request.

22. In response to Plaintiff's email, Ms. Braun called her during the evening after work on July 2, 2024, during her personal time, to berate her for approximately 90 minutes for sending the email.

23. During this call, among many other things, Plaintiff was asked why she "felt it necessary" to request confidentiality and non-retaliation.

24. During that call, Ms. Braun accused the Plaintiff of "chastising" Ms. Braun for violating the confidentiality and non-retaliation requirements of the ADA.

25. Ms. Braun told Plaintiff that she and Ms. Short "did not need to be reminded" to keep things confidential and that she was "surprised" at Plaintiff's request because the company was already accommodating it and expressed her displeasure with the Plaintiff that she "felt the need" to request non-retaliation and confidentiality as to her medical condition by email.

26. Plaintiff explained to Ms. Braun that she meant nothing personal by email, that she only wanted to ensure that her work was separate from her medical condition and that she was not letting her medical condition affect her performance.

27. During the call, Ms. Braun told the Plaintiff that neither she nor Ms. Short, with all of their years of experience, really needed to be reminded to keep "ADA things" confidential and repeatedly stated that she did not understand why the Plaintiff thought that they needed to be reminded by that email. Ms. Braun characterized the Plaintiff's request for confidentiality and non-retaliation as "disrespectful."

28. During the call, Ms. Braun implied that the Plaintiff might use her disability in the future as an "excuse" for poor performance, citing the many times that she had been "counseling" an employee for performance and the ADA had "come into play" to explain poor performance.

29. Although Plaintiff was never informed of any issues with her job performance, she was terminated for not being part of the company "culture" on July 15, 2024, approximately one month after requesting an accommodation and two weeks after making her request that she not be retaliated against and that her medical information be kept confidential.

30. Yorktown terminated the Plaintiff because she revealed to them her pregnancy-related postpartum depression and to avoid having to accommodate her based on her postpartum depression.

31. Plaintiff was terminated in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), the Pregnant Workers' Fairness Act, 42 U.S.C. §§ 2000gg-1, and the Americans with Disabilities Act.

## CAUSES OF ACTION

### Count I
### Violation of Title VII of the Civil Rights Act of 1964 as Amended by the Pregnancy Discrimination Act (Discrimination)

32. Plaintiff reasserts the averments set forth in Paragraphs 1 through 31 hereof, as though fully set forth herein.

33. Plaintiff has been subjected to gender discrimination and pregnancy discrimination because of her pregnancy-related medical condition, postpartum depression and was terminated just one month after revealing this condition.

34. Plaintiff avers Defendant condoned and tolerated the gender discrimination and pregnancy discrimination. Defendants' actions were in violation of Title VII of the Civil Rights Act of 1964, as amended, including, but not limited to the Pregnancy Discrimination Act.

35. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, and injunctive relief, and declaratory judgment is her only means of securing adequate relief. The unlawful employment practices complained of were done with malice and/or with reckless indifference to the federally protected rights of Plaintiff.

36. Plaintiff has and will continue to suffer irreparable injury from Defendants' unlawful policies and practices set forth herein unless enjoined by this Court.

37. Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, pain, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as a direct result of the Defendants' violations of Title VII of the Civil Rights Act of 1964, as amended, including, but not limited to, the Pregnancy Discrimination Act.

## Count II
## Retaliation for Requesting an Accommodation for Known Limitations Related to Pregnancy in Violation of 42 U.S.C. 42 U.S.C. § 2000gg-1(1) (Retaliation)

38. Plaintiff reasserts the averments set forth in Paragraphs 1 through 31 hereof, as though fully set forth herein.

39. From at least as early as June, 2024, Defendant has engaged in unlawful employment practices at its Huntsville, Alabama location in violation of the Pregnant Workers Fairness Act 42 U.S.C. § 2000gg-1(1) ("PWFA").

40. Specifically, Defendant retaliated against Mays for a reasonable request for accommodation due to the known limitations related to her pregnancy or related medical conditions.

41. Mays requested accommodation for her known limitations of pregnancy or related conditions, including the ability to take time off for medical appointments and pregnancy-related medical conditions.

42. Mays was a qualified employee under the PWFA because she could perform the essential functions of her job.

43. To the extent that Mays could not perform an essential function of the job, she was qualified under the PWFA because the inability to perform that function was for a temporary period, the essential function could be performed in the near future, and the inability to perform the essential function could be reasonably accommodated.

44. Mays informed Defendant's supervisory and Human Resources personnel about known limitations related to, affected by, or arising out of her pregnancy, including the need for pregnancy-related medical appointments, and limitations related to, affected by, or arising out of pregnancy-related medical conditions.

45. Defendant retaliated against Mays for her request for reasonable accommodations to use flex time for pregnancy-related medical appointments and limitations arising out of pregnancy-related medical conditions, her request that she not be retaliated against in the workplace, and her requests that her pregnancy-related medical condition be kept confidential.

**Count III**
**Violation of the Americans with Disabilities Act (Discrimination)**

46. Plaintiff reasserts the averments set forth in Paragraphs 1 through 31 hereof, as though fully set forth herein.

47. Plaintiff suffers from a disability or is an individual that Defendant regarded as impaired under 42 U.S.C. § 12102.

48. Defendant failed/refused to provide Plaintiff a reasonable accommodation to allow her time to treat by requesting that she cancel the only session she had scheduled before her termination, then terminating her employment just one month after her request due to her disability and/or her request for accommodation rather than continuing to accommodate her.

49. The actions of Defendant constituted discrimination against Plaintiff due to her disability and/or request for accommodation.

50. Defendant purposefully and intentionally discriminated against Plaintiff by terminating her due to her disability and/or her request for accommodation.

**Count IV**
**Retaliation under the Americans with Disabilities Act (Retaliation)**

51. Plaintiff reasserts the averments set forth in Paragraphs 1 through 31 hereof, as though fully set forth herein.

52. Defendant had knowledge of Plaintiff's disability, need for medical care and accommodation.

53. Defendant retaliated and/or took adverse action against Plaintiff due to her need for accommodation in her position, her request that she not be retaliated against in the workplace, and her requests that her pregnancy-related medical condition be kept confidential.

54. Defendant wrongfully interfered with the Plaintiff's right to work at same or an equivalent position.

55. As a result of the Defendant's actions, Plaintiff has suffered extreme harm, including but not limited to loss of employment opportunities, denial of wages, cost of medical care, compensation and other benefits and conditions of employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that that this Court:

a. Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act, as amended;

b. Grant Plaintiff a permanent injunction enjoining Defendant, its Agents Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating the rights of the Plaintiff as secured by Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act, as amended;

c. Grant Plaintiff an order requiring the Defendant to make her whole by granting appropriate declaratory relief, backpay, front pay, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs;

d. Award Plaintiff costs and attorneys' fees; and

e. Grant such further and other relief as it may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable at law.

Respectfully submitted this the 14th day of November, 2025.

s/ Teri Ryder Mastando
Teri Ryder Mastando (ASB-4507-E53T)
D. Anthony Mastando (ASB- 0893-X32B)
MASTANDO & ARTRIP, LLC
301 Holmes Ave. NE, Ste. 100
Huntsville, Alabama 35801
P: (256) 532-2222
F:(256) 513-7489
teri@mastandoartrip.com
tony@mastandoartrip.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 14th day of November, 2025, I electronically filed the foregoing with the Clerk of the Court, and I have served a copy of same upon the following by electronic service, by facsimile or by placing a copy of same in the United States mail, postage prepaid and properly addressed.

*Attorneys for Defendant Yorktown Systems Group, Inc.*

K. Beau Womack, Esq.
W. Brad English, Esq.
Emily J. Chancey, Esq.
Taylor R. Holt, Esq.
MAYNARD NEXSEN PC
655 Gallatin Street
Huntsville, Alabama 35801
bwomack@maynardnexsen.com
benglish@maynardnexsen.com
echancey@maynardnexsen.com
taholt@maynardnexsen.com

s/ Teri Ryder Mastando
Teri Ryder Mastando